EUGENE SIEGEL, EXECUTOR, ESTATE OF JACOB SIEGEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18879. Promulgated April 24, 1930.

*Fred R. Angevine, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* and *Frank B. Schlosser, Esq.,* for the respondent.

684

686

OPINION.

Murdock: Section 402 (c) of the Revenue Act of 1921 provides that there shall be included in the value of a decedent's gross estate, the value at the time of his death of all property—

To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by

the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

The transfer of May 21, 1918, was made more than two years prior to the decedent's death, and the statutory presumption that it was made in contemplation of death does not apply. It has frequently been held that the language of the above quoted section relating to transfers made in contemplation of death, does not relate to the general expectation of death entertained by everyone, but, on the contrary, relates to the expectation of death in the immediate or reasonably near future. *Spencer Borden, Jr., Executor*, 6 B. T. A. 255. On or about May 21, 1918, it appears that the petitioner had only a general expectation of death such as anyone, young or old, might have. It further appears that he had a good reason for making the transfer, which was that he was training his children in business, and as their ability warranted, he was turning over to them the management and control of parts of his property so that he could see how they would conduct themselves when additional responsibilities were placed upon them, and so that he could aid them in meeting such new responsibilities. The transfer was not made in contemplation of death within the meaning of the statute. The respondent does not contend to the contrary.

It is contended, however, that the transfer was intended to take effect in possession or enjoyment at or after the decedent's death, and that, therefore, its value at the time of the decedent's death should be included in his gross estate. If the transfer had been so intended, a constitutional question would be raised. See *Nichols* v. *Coolidge*, 274 U. S. 531; *Edward H. Alsop, Executor*, 7 B. T. A. 848; *James Duggan, Executor*, 8 B. T. A. 482; *Northern Trust Co., Executor*, 9 B. T. A. 96; *Estate of David W. Crews*, 8 B. T. A. 949; *Homer S. Johnson et al., Executors*, 11 B. T. A. 534. Cf. *Cyrus H. McCormick et al., Executors*, 13 B. T. A. 423. However, the transfer was not intended to take effect in possession or enjoyment at or after the decedent's death. It was absolute and effective at its date at which time the decedent completely and irrevocably divested himself of all title and interest which he had in the property. It is true that by the terms of the transfer he was to receive monthly payments of $2,500, but this provision did not constitute a reservation by the decedent of any interest in the property transferred. It in no way precluded the actual vesting of title to the property in the Jacob Siegel Corporation. *Edmund H. Fleming et al., Executors*, 9 B. T. A. 419; *Seymour Johnson et al., Executors*, 10 B. T. A. 411; *Security Trust & Savings Bank, Trustee*, 11 B. T. A. 833.

Furthermore, the transaction in question was a bona fide sale for a fair consideration in money or money's worth within the meaning of the Revenue Act. Although by the transfer the decedent's annual income was decreased by $7,500, he received a cash payment of $12,000 and was relieved of the responsibilities, both as lessee under the original lease of August 1, 1905, and as lessor under the lease to the S. S. Kresge Corporation, incident to the continued ownership of the leasehold. The requirement of a fair consideration in money or money's worth was fulfilled. See *Ferguson* v. *Dickson*, 300 Fed. 961, certiorari denied, 266 U. S. 628; *Polk* v. *Miles*, 268 Fed. 175; *Charles K. Lincoln, Administrator*, 65 Ct. Cls. 198; and *Security Trust & Savings Bank, Trustee, supra.*

In view of what has already been said, no discussion of the petitioner's contention in regard to the value of the property at the date of the decedent's death is necessary.

> *Judgment will be entered for the petitioner under Rule 50.*